**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHERYL B. CANFIELD,** | : |
| | : |
| **Plaintiff** | **CIVIL ACTION NO. 3:16-0085** |
| | : |
| **v.** | |
| | :   **(JUDGE MANNION)** |
| **STATOIL USA ONSHORE PROPERTIES INC., STATOIL NATURAL GAS LLC, and STATOIL ASA** | : |
| | : |
| **Defendants** | : |

## MEMORANDUM

Currently before the court is the plaintiff's motion for leave to file a sur-reply, with the plaintiff's proposed sur-reply attached as an exhibit. (Doc. 56). The plaintiff's motion was filed in response to the reply brief filed by defendants Statoil USA Onshore Properties Inc. ("Statoil USA") and Statoil ASA on September 30, 2016. (Doc. 46). The parties' extensive briefing stems from the motion to dismiss filed Statoil USA and Statoil ASA on June 9, 2016. (Doc. 31). For the foregoing reasons, the plaintiff's motion is denied and the plaintiff's proposed sur-reply is stricken from the record.

The plaintiff's proposed sur-reply disregards several local rules and her motion fails to provide any justification for these violations. Local Rule 7.1 requires a party to certify that he or she has sought concurrence from each party to the case when filing a motion and to indicate whether concurrence has been given or denied. The plaintiff did not seek concurrence in filing her motion. In addition, the proposed sur-reply exceeds the font and word limits provided by Local Rules 5.1 and 7.8. Lastly, as indicated by Local Rule 7.7,

the typical time provided to respond to a brief is fourteen (14) days after service. The plaintiff's motion requesting leave, which is required by Local Rule 7.7 at this stage, was filed on November 23, 2016, 54 days after the defendants' service of their reply brief. The plaintiff's motion provides no justification for her failure to seek concurrence, nor is there any indication of a need to exceed the normal typographical limits imposed on briefs. There is also a clear delay in her request. For these reasons, the plaintiff's motion for leave is denied.

Further, the court has glanced at the plaintiff's proposed sur-reply and finds that it is merely an attempt to rehash arguments, presenting nothing new to aid in the court's determination of the underlying motion to dismiss. Instead, the plaintiff's primary reason for seeking leave to file a sur-reply is to further develop or recharacterize the cases cited in the defendants' reply. The court is able to read these cases and determine their merit as applied to the facts here without further explanation. In addition, contrary to the plaintiff's suggestion, the defendants' introduction of new authorities in their reply does not provide a good reason for granting leave to the plaintiff. Again, the court is able to read these new cases and determine their applicability appropriately. Accordingly, the plaintiff's proposed sur-reply is stricken.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  December 27, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0085-01.wpd