UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL B. CANFIELD, | ) | Case No. 3:16-cv-00085-MEM |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM OF |
| | ) | LAW IN RESPONSE TO |
| vs. | ) | OBJECTORS' MEMORANDUM OF |
| | ) | LAW IN OPPOSITION TO MOTION |
| STATOIL USA ONSHORE | ) | TO STRIKE |
| PROPERTIES INC., STATOIL | ) | |
| NATURAL GAS LLC and STATOIL | ) | |
| ASA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cheryl Canfield ("Plaintiff Canfield") submits this Memorandum of Law in response to Alan and Carol Marbaker, Jerry L. Cavalier, Frank Holdren (collectively, the "Arbitration Plaintiffs"), Raymond Lasher, Richard Witter, John Witter, William Chambers, Joseph Chambers, Jeanne Faux, Barbara Henning, Daniel Loren Day, Lori Day, Samantha Scholz, Stephen Clark, Richard and Denise Kuffa, Charles and Carol Kuffa, William Longstreet, Endless Mountain Water Co., Lake Carey Investments, LLC, and Cecil Family, LLC's (together with the Arbitration Plaintiffs, the "Objectors") Memorandum of Law in Opposition[1] to Statoil USA Onshore Properties, Inc.'s ("Statoil") motion to strike ("Motion to Strike").[2]

Statoil's Motion to Strike was based upon a discrete argument, that the Objectors' objection[3] to Plaintiff Canfield's motion for preliminary approval of settlement and appointment of class representatives and class counsel (the "Preliminary Approval Motion")[4] was, as a matter of procedure, defective.  Although Plaintiff Canfield did not join in the Motion to Strike, the Objectors' opposition to the Motion to Strike, sidestepping the procedural issue of standing raised by Statoil, devotes most of its discussion instead to an attack on the substantive terms of the

---

[1]     ECF No. 121.

[2]     ECF No. 114.

[3]     ECF No. 111.

[4]     ECF No. 101.

proposed settlement set forth in Plaintiff Canfield's Preliminary Approval Motion (the "Settlement"), and Plaintiff Canfield's counsel's negotiation thereof, doubling down on the accusation that Plaintiff Canfield and her counsel participated in a bad faith "reverse auction."   Plaintiff Canfield believes that she cannot leave this baseless charge of bad faith unanswered.

The Settlement reflects the class-wide resolution, by compromise, of claims asserted by landowners located in the Marcellus Shale region, who entered into oil and gas leases with Statoil, that Statoil improperly calculated the resale price of its natural gas in violation of terms of a variety of gas leases that all required Statoil to pay landowners a percentage of revenues "realized" or "received" upon the resale of the landowners' natural gas.

The Objectors oppose the Settlement.   However, not content to object to the Settlement in the recognized manner set forth by the Federal Rules of Civil Procedure, and not content even with the proverbial two bites at the apple, they appear to desire three bites at derailing the Settlement.   As their first bite, the Arbitration Plaintiffs initially objected to the Settlement through the thinly disguised mechanism of a purported motion to consolidate[5] the instant action, *Cheryl B. Canfield v. Statoil USA Onshore Properties, Inc., et al.*, Civ. A. No. 3:16-cv-85-MEM (M.D. Pa.), with *Marbaker v. Statoil USA Onshore Properties, Inc.*, Civ. A. No. 3:17-CV-1528-ARC

---

[5]     ECF No. 108.

(M.D. Pa.), which devoted little, if any, discussion or analysis to the issues pertinent to such a motion, *i.e.*, whether common issues of fact or law exist, and whether consolidation would result in efficiencies.  Instead, the Arbitration Plaintiffs attack the terms of the Settlement itself, raising for the first time that the Settlement was the product of an alleged reverse auction, that this Court has a fiduciary duty to oversee the Settlement, and that the Settlement is inadequate.

As their second bite, the Objectors have filed their objection to the Preliminary Approval Motion, reprising the very same arguments, in some instances *verbatim*, that they first asserted in their motion to consolidate.  In their opposition to Statoil's Motion to Strike, the Objectors make little effort to address the narrow issues raised by that motion.

It is likely that the Objectors will avail themselves of a third bite; if their objection to the Preliminary Approval Motion is stricken, and the Settlement is preliminarily approved, it may be reasonably anticipated that the Objectors will file another objection to the Settlement, based upon the same warmed-over arguments previously asserted.

In light of these repeated filings, the Objectors can no longer maintain the pretext that they are acting in order to increase the speed and efficiency of the settlement process.  To the contrary, their transparent purpose, in filing these motions is to delay such process by erecting new procedural obstacles without offering

anything new substantively.  Simply put, the Objectors have offered no justification for why this Court should address the same objections in three separate instances, rather than all at once, together with the objections any other class member may assert.  For this reason alone, their motive for attacking the good faith of counsel is open to challenge.

However, the Objectors' opposition to the Motion to Strike reveals that their objection the Preliminary Approval Motion serves a more harmful end, for which it should be stricken as well.  The Settlement necessarily involves the resolution, by compromise, of two distinct issues: (1) whether Plaintiff Canfield would prevail on the merits of her claim that Statoil improperly calculated royalties paid to Plaintiff Canfield and the proposed class members and (2) whether the landowners could proceed on a class-wide basis when seeking recovery for Statoil's alleged wrongdoing.  While distinct, these two issues are interrelated and, to a large degree, interdependent – if this action is unlikely to be certified as a class action, then a large number, if not the vast majority of landowners, will be left with no recovery.  Only those landowners with sufficiently large damages would find it economically feasible to pursue individual actions, most likely in individual arbitrations.

The Settlement presents class members with a choice:  participate in a class settlement that provides a recovery that accounts for both contingencies identified above, or opt out, and proceed with an individual action.  The Settlement permits all

class members, who do not wish to institute their own litigations against Statoil and who might otherwise be left without a remedy, to participate in the recovery negotiated by counsel.  At the same time, the Settlement leaves unaffected those who believe that they can achieve a greater recovery, most likely through individual arbitrations, to pursue whatever remedies they deem fit.

Plaintiff Canfield believes the landowners should be presented with the option to make that choice.  The landowners are a sophisticated group of class members, who, in many instances, negotiated their leases with the assistance of counsel.  As a result, they are eminently qualified to weigh the benefits and the shortcomings of the proposed Settlement.

The Objectors' "objection" to the Preliminary Approval Motion would deny the landowners the option to make that choice.  Indeed, that seems to be its ulterior purpose; the Objectors' protest that the arbitration action that they are pursuing would be "impacted" by the approval of the Settlement is a tacit admission that a large number of class members, if presented with the choice of accepting the Settlement, or opting out to pursue their own action, would choose the former.

Rather than engage in a full and well-informed settlement process, in which the views of not just the Objectors, but all class members could be considered, the Objectors seek to preempt the ability of class members to make their own judgment by

strangling the proposed Settlement at its inception.  The Objectors do so all the while accusing Plaintiff Canfield of a lack of transparency.

The Objectors' opposition to the Motion to Strike, which for the most part merely reprises the arguments, listed above, asserted in their motion to consolidate and their objection to the Preliminary Approval Motion, provides no basis to deny class members that choice.  Indeed, in many ways, the objection to the Preliminary Approval Motion underscores why it is imperative that class members be given that choice.

When irresponsibly accusing Plaintiff Canfield, and her counsel, of engaging in a bad faith "reverse auction," the Objectors fail to consider all of the factors relevant to Plaintiff Canfield's determination to settle.  More specifically, while questioning Plaintiff Canfield's evaluation of the risks of continuing this litigation, Objectors' objection to the Preliminary Approval Motion only addresses one such risk, identified by Plaintiff Canfield above, *i.e*., whether individual landowners might prevail on the merits of their claim that Statoil improperly calculated their royalty.  Criticizing Plaintiff Canfield, they suggest that individual landowners have been successful in arbitration, but the Settlement allows landowners to seek their own recovery if that makes economic sense.

The Objectors are silent as to the far more salient consideration, whether the landowners could proceed on a class-wide basis when seeking recovery for Statoil's

alleged wrongdoing.  The Objectors' silence is particularly conspicuous in light of the fact that the issue of class certification has been the focal point of their own arbitration.  It is even more conspicuous in light of the Objectors' repeated assertion that Plaintiff Canfield had no good faith basis on the merits of this action to reach the Settlement, but instead acted in bad faith, after she was "disarmed" by this Court's decision on Statoil's motion to dismiss, as they repeatedly argue.

However "disarmed" Plaintiff Canfield may purportedly be on the merits of her claim, recent decisions, including that of the Third Circuit in *Chesapeake Appalachia L.L.C. v. Scout Petroleum LLC, et al.*, No. 17-2037, 2018 WL 1295736 (3d Cir. Mar. 13, 2018), even if non-binding, cast even greater doubt upon the ability of parties to an arbitration agreement, such as the Arbitration Plaintiffs, to proceed on a class-wide basis.  Without addressing that litigation risk, the Objectors provide no basis to call into question the judgment, let alone the good faith, of Plaintiff Canfield's counsel when evaluating such risk.

As a result, while Plaintiff Canfield recognizes that, as in any settlement, her judgment, and that of her counsel, may be legitimately questioned by class members, the Objectors' accusation of bad faith has no basis.  For the foregoing reasons, Plaintiff Canfield respectfully requests that the Court enter an order granting Statoil's Motion to Strike.

DATED:  May 11, 2018              ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                  SAMUEL H. RUDMAN
                                  FRANCIS P. KARAM
                                  Attorney I.D. #77910


                                        /s/ Francis P. Karam
                                  _____
                                       FRANCIS P. KARAM

                                  58 South Service Road, Suite 200
                                  Melville, NY  11747
                                  Telephone:  631/367-7100
                                  631/367-1173 (fax)
                                  srudman@rgrdlaw.com
                                  fkaram@rgdlaw.com

                                  THE CLARK LAW FIRM
                                  DOUGLAS A. CLARK
                                  Attorney I.D. #76041
                                  1563 Main Street
                                  Peckville, PA  18452
                                  Telephone:  570/307-0702
                                  clarkesquire@comcast.net

                                  CHITWOOD HARLEY HARNES LLP
                                  JOHN F. HARNES
                                  GREGORY E. KELLER
                                  79 Madison Avenue
                                  New York, NY  10016
                                  Telephone:  917/595-4600
                                  jfharnes@chitwoodlaw.com
                                  gkeller@chitwoodlaw.com

                                  *Attorneys for Plaintiff*

- 8 -

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that he has this day caused to be served a true and correct copy of the above and foregoing via electronic mail on all counsel of record registered to receive filings via ECF.

DATED: May 11, 2018



FRANCIS P. KARAM