UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO R. RESCIGNO, SR., : <br> AS EXECUTOR OF THE ESTATE <br> OF CHERYL B. CANFIELD, : <br> : <br> Plaintiff : | CIVIL ACTION NO. 3:16-85 |
| v.   : | (JUDGE MANNION) |
| STATOIL USA ONSHORE : <br> PROPERTIES INC., <br> : <br> Defendant | |

## ORDER

Presently before the court is the plaintiff's motion to strike a notice of supplemental authority filed by Alan Marbaker, Carol Marbaker, and Jerry L. Cavalier ("Objectors"). (Doc. 206). As the plaintiff observes, the Objector's notice fails to conform, in numerous respects, to Local Rule 7.36, which states:

> If pertinent and significant cases are decided or authorities are enacted, relating to an issue raised in a motion pending before the court, after the party's final brief has been filed—or after oral argument but before decision--the party may file a notice of supplemental authority setting forth the supplemental citations. The notice of supplemental authority shall indicate the motion to which the supplemental authority may be relevant, but it <u>must not include any argument</u>. The body of the notice of supplemental authority <u>may not exceed 100 words</u>.

M.D.Pa.L.R. 7.36 (emphasis added).

Namely, it is composed almost entirely of argument and well exceeds 100 words. Moreover, the "authority" to which Objectors have provided notice is merely an order granting certiorari—not a Supreme Court decision. Tellingly, Objectors do not even oppose the motion on the merits but simply argue the motion is "unnecessary." (Doc. 208, at 1).

In light of Objector's failure to abide by the Local Rules, the motion to strike, (Doc. 206), is **GRANTED** and Objector's notice of supplemental authority, (Doc. 203), is **STRICKEN FROM THE RECORD**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:  April 15, 2021**
16-0085-13