UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO R. RESCIGNO, SR., AS EXECUTOR OF THE ESTATE OF CHERYL B. CANFIELD, | : : : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-85 |
| v. | : | (JUDGE MANNION) |
| STATOIL USA ONSHORE PROPERTIES INC., | : : | |
| Defendant | | |

**MEMORANDUM**

Presently before the court is Alan and Carol Marbaker, Jerry L. Cavalier, and Frank K. Holdren's ("Objectors") motion for discovery and request for an expedited briefing schedule. (Doc. 166). For the reasons set forth below, the motion will be **DENIED**.

I.   BACKGROUND

The court has set forth the background of this case in its prior memoranda and need not repeat it herein. What is pertinent to the present motion is that a final fairness hearing is presently set for Thursday, April 22, 2021. Objectors have made their disagreement with the settlement in this case clear through their brief in opposition to the motion for preliminary approval, (Doc. 111), their motions to consolidate, (Doc. 108), to intervene,

(Doc. 138), to stay the proceedings, (Doc. 155), and finally through their formal objections to the plaintiff's motion for final approval, (Doc. 188). In the present motion, Objectors move for leave to take discovery as well as for an expedited briefing schedule. (Doc. 167). Both the plaintiff Angelo Rescigno, Sr. and the defendant Statoil USA Onshore Properties, Inc. ("SOP") filed briefs in opposition. (Doc. 169; Doc. 170). Objectors filed a reply brief. (Doc. 172).

## II.  DISCUSSION

With respect to objectors' right to discovery in a class action, the Third Circuit has stated,

> [O]ur precedent [] holds objectors are "entitled to an opportunity to develop a record in support of [their] contentions by means of cross examination and argument to the court." *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir. 1973); *see also Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1558 (3d Cir. 1994) ("[T]he objecting class members must be given an opportunity to address the court as to the reasons the proposed settlement is unfair or inadequate."); Fed.R.Civ.P. 23(c)(2)(B) ("[A] class member may enter an appearance through counsel if the member so desires."). In *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), we reversed the district court's final approval of a class action settlement and remanded for clarification of the record, noting, inter alia, that the "objector ... was not afforded an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement." *Id.* at 157. Although we found that the

>objector was "entitled to at least a reasonable opportunity to discovery" against the plaintiffs and defendants, that finding was predicated on the total inadequacy of the record upon which the settlement was approved and the "totality of the circumstances surrounding the settlement hearing" in which the objector was denied meaningful participation. *Id.* We therefore conclude that *Girsh* cannot stand for the proposition that, as a general matter, objectors have an absolute right to discovery. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24 (D.D.C. 2001).

*In re Cmty. Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005). However, "discovery may be appropriate if lead counsel has not conducted adequate discovery or if the discovery by lead counsel is not made available to objectors." *Id.* Thus, the court must "employ the procedures that it perceives will best permit it to evaluate the fairness of the settlement" and in doing so should evaluate "the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* (internal quotation marks omitted).

Here, Objectors seek eleven exceptionally broad categories of documents, many of which are overlap, including:

(1) "all documents, data and information exchanged between the settling parties," (Doc. 167, at 19);
(2) expert opinions and analysis "any party relied upon in negotiating the settlement or expects to introduce" to support final approval, (Doc. 167, at 20);
(3) all the discovery Objectors previously obtained during their two-year period of mediation with SOP but were

- 3 -

subsequently required to destroy when negotiations broke down;
(4) the Stine's lease;
(5) the Stine's retention agreement and documentation showing when and how they became involved in the case;
(6) "all of the documents either party intends to rely on *or might rely on* at the final fairness hearing," (Doc. 167, at 25) (emphasis added);
(7) any witnesses either party intends to present "*or might present*" at the final fairness hearing," (Doc. 167, at 27) (emphasis added);
(8) documents and dates showing all forms of leases within the settlement class and "information about damages calculations and the allocation of the monetary portion of the settlement among the lease forms." (Doc. 167, at 28);
(9) information and communications between the parties concerning settlement terms, the Marbaker case, and the Marbaker mediation—in particular "class counsel's failure to respond to Objectors' July 2017 offer to assist class counsel to prevent SOP from taking advantage of them." (Doc. 167, at 29);
(10) "documents showing dates and substances of all communications with the court concerning settlement, scheduling of settlement, scheduling of settlement proceedings, or settlement negotiations," (Doc. 167, at 30); and
(11) documents sufficient to show terms of other settlement agreements between SOP and any other person regarding disputes about royalty terms of lease forms included within the class.

The overarching reason Objectors provide for seeking these items revolves around their desire to gauge whether the settlement amount is a fair compromise of the class's claims.

In response, SOP asserts that this is yet another attempt by Objectors to "gain control of the *Rescigno* litigation and settlement through every procedural contrivance available." (Doc. 169, at 5). SOP states that, while it is not opposed to producing limited discovery, Objectors' discovery greatly exceeds the breadth and volume of discovery available to them per Third Circuit precent and, as such, suggests that Objectors are yet again attempting to relitigate this matter in its entirety. Thus, SOP proposes that the court hold the motion in abeyance until the parties have filed their papers in support of final approval after which the parties can evaluate whether Objectors should be afforded additional discovery. The court agrees.

Since Objectors' motion, Rescigno filed a motion for final approval as well as a motion for attorneys' fees. (Doc. 175; Doc. 179). Objectors filed their objections. (Doc. 188). Rescigno and SOP filed reply briefs. (Doc. 218; Doc. 223).

This court has previously observed that "[d]iscovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances," such as where there is collusion between the parties. *Demchak Partners Ltd. v. Chesapeake Appalachia, LLC*, No. 3:13-2289, 2014 WL 4955259, at *6 (M.D.Pa. Sept. 30, 2014) (internal quotation marks omitted). Although Objectors reiterate their concerns regarding a collusive

settlement process and a possible reverse auction, "courts presume the absence of fraud or collusion in negotiating a settlement unless evidence to the contrary is offered." *Id.* To date, Objectors have produced no such evidence.

Further, nothing in the Objectors' filings convinces the court that lead counsel has not conducted adequate discovery or that the record available to Objectors is inadequate for them to raise objections. Although discovery may be appropriate where the totality of the circumstances indicate that an objector has been effectively denied any meaningful participation, that is definitively not the case here. *Gish v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). In fact, their 50-page objections, raising all manner of arguments on all manner of topics from Rescigno's purported failure to move for class certification to decencies in the notice, suggests just the opposite.

The court agrees with SOP that Objectors' situation is more akin to that of the objector in *Bell Atlantic Corp. v. Bolger*, wherein the Third Circuit rejected a discovery request because the objector was "in a good position to develop an evidentiary record on the adequacy of the settlement." 2 F.3d 1304, 1315 (3d Cir. 1993). Like the objector in *Bell Atlantic*, Objectors had early notice of this litigation, participated in it for well over two years, and independently engaged in their own parallel litigation against SOP. Thus,

Objectors have indeed been able to test the strength of the proposed class settlement insofar as they have been given an opportunity to address the reasons the proposed settlement is unfair or inadequate in their lengthy objections, and they will be permitted to "participate effectively in the settlement hearing, through cross-examination and argument." *Girsh*, 521 F.2d at 157.

      Perhaps more significant is Objectors' decision to draft their requests in such an overbroad and unserious manner. Objectors' attempts to classify their sweeping requests as "necessary" and "specifically tailored to their right to develop th[e] record," (Doc. 167, at 19), verges on farcical. It is plain that Objectors' demands are not in any way fashioned in a manner that would enable them to easily elicit the specific information that would aid in their ability to determine the fairness of the settlement. In particular, Objectors desire to obtain all communications regarding settlement of the Marbaker case and mediation, aside from being minimally, if at all, relevant to the present certification issue, appears to be a thinly veiled attempt to relitigate the merits of their own case within the context of the present one. Moreover, as Rescigno observes, by their own admission, Objectors have committed over 2,000 hours "to develop the[ir] class claims, analyze SOP documents and databases, research legal issues, and assess class damages." (Doc.

111, at 3). Thus, Objectors are in a far better position than most to ascertain the fairness of the settlement and as a result they should have, at a minimum, been able to describe with some specificity the documents they require to prove their claims of unfairness.

Accordingly, because Objectors have produced no evidence of collusion, because they have not demonstrated lead counsel did not engage in adequate discovery or that the record available is inadequate for them to raise objections, and because they have not been and will not be denied meaningful participation in the determination of the fairness of the settlement, the motion discovery and expedited briefing, (Doc. 166), is **DENIED**.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:  April 20, 2021**
16-0085-08